09-1664-ag
Jiang-Jin v. Holder

BIA
Romig, IJ
A 094 794 437

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of February, two thousand ten.

PRESENT:
    JOHN M. WALKER, Jr.,
    JOSÉ A. CABRANES,
    BARRINGTON D. PARKER,
        *Circuit Judges*.
_____

YOU JIANG-JIN, a.k.a. JIN YOU JIANG,
        *Petitioner*,

        v.                                    09-1664-ag
                                              NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Sheema Chaudhry, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Douglas E. Ginsburg,
                       Assistant Director; Judith R.
                       O'Sullivan, Trial Attorney, Office
                       of Immigration Litigation,
                       Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner You Jiang-Jin, a native and citizen of China, seeks review of the March 26, 2009, order of the BIA affirming the November 7, 2007, decision of Immigration Judge ("IJ") Jeffrey L. Romig denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Jiang-Jin*, No. A 094 794 437 (B.I.A. Mar. 26, 2009), *aff'g* No. A 094 794 437 (Immig. Ct. N.Y. City Nov. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The IJ's adverse credibility determination was supported by substantial evidence. In making that determination, the IJ

2

properly relied on several inconsistencies between Jiang-Jin's written asylum application and his testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, although Jiang-Jin stated in his asylum application that he worked at a factory in Sichuan Province from October 2002 until January 2005, he testified that he only worked at the factory for six months, from November 2003 until April 2004. Jiang-Jin admits this inconsistency, and his argument that it is an insufficient basis for the IJ's adverse credibility determination is without merit. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (in assessing credibility, the IJ may rely on the inconsistencies in statements, without regard to whether they "go to the heart of the applicant's claim"). Moreover, this inconsistency, the IJ found, "was not simply a matter of confusion over dates, since [Jiang-Jin]'s account of when he was introduced to Falun Gong is clearly intertwined with his alleged period of employment at the factory." In addition, the IJ found that Jiang-Jin's statement in his asylum application that he left China illegally and was not issued a passport contradicted his testimony that he left China with "exit permission" on a valid passport issued in his own name. The IJ also found that Jiang-Jin's failure to list his address in Sichuan Province on

his asylum application, despite the fact that he claimed to have lived there while working at the factory, reflected adversely on his credibility.

These findings alone provided substantial evidence for the IJ's adverse credibility determination. 8 U.S.C. § 1252(b)(4)(B). We therefore need not address the IJ's additional credibility findings. Furthermore, because Jin-Jiang's testimony and unauthenticated documents provided the only evidence that he was likely to be persecuted or tortured, and because the acceptance of that evidence depended upon his credibility, the adverse credibility determination in this case necessarily precluded success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4